UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN JENNEWEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED SPECIALTY CONTRACTORS, LLC,<br><br>Defendant. | ) | Case No. 4:25-CV-859-ZMB |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment. Doc. 17. Because the Complaint sufficiently alleges that Defendant United Specialty Contractors failed to make contributions to its ERISA plans, the Court grants the motion as to liability. However, questions remain regarding damages and potential injunctive relief, so the Court defers entering judgment, adopts a briefing schedule, and sets the matter for a final hearing after a second audit of United's records.

## BACKGROUND

### I. Relevant Facts

Plaintiffs are a collection of ERISA employee benefit plans and trustees of those plans. *See* Doc. 1 ¶¶ 1–8. United is a Missouri corporation that entered into collective bargaining agreements with the Plaintiffs. *See id.* ¶¶ 9, 11. As part of those agreements, United committed to making weekly payments to various funds and paying union dues "through the purchase of fringe benefit stamps and the submission of monthly report forms." *Id.* ¶ 11. United also agreed to "submit monthly reports . . . showing the number of hours worked by [its] employees" and to allow the Plaintiffs to examine its "books and records to insure" that the stamp purchases were made. *Id.*

¶ 12–13. United has failed to make the required contributions despite agreeing to pay liquidated damages and interest if it was ever delinquent in doing so. *Id.* ¶¶ 14–15.

## II. Procedural History

Plaintiffs filed this action in June 2025, seeking liquidated damages for the contributions the plans are owed, costs and fees associated with the lawsuit, and "an order that [United] submit its records for audit so that [P]laintiffs can determine the amounts owed." *See id.* at 6–7. United was served but never appeared, so the Clerk of Court entered default in favor of Plaintiffs. Docs. 11–12, 15. The Court also granted Plaintiffs' request for an order compelling United to provide accounts for all delinquent funds from August 2023 to September 2025. Doc. 16.

After an audit was completed, Plaintiffs moved for default judgment, asking the Court to award outstanding contributions, liquidated damages, and relevant costs and fees. Doc. 17; Doc. 18 at 3–4. Plaintiffs also seek equitable relief mandating the remittance of reports and delinquent contributions "for the period of October 1, 2025 to present," as well as "[a] permanent injunction requiring [United] . . . to submit all future reports and contributions by their due date under the collective bargaining agreement." Doc. 18 at 4, 6–7.

## LEGAL STANDARD

A court may enter default judgment against a party who fails to litigate an action through a two-step process. *See* FED. R. CIV. P. 55(b). First, the movant requests an entry of default, which the Clerk of Court must enter "[w]hen a party against whom a judgement . . . is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Following the entry of default, the movant generally must apply to the Court for entry of default judgment. *See* FED. R. CIV. P. 55(b). In considering such applications, the Court deems the defaulting party to have admitted all well-pleaded factual allegations in the complaint "except those relating to the amount of damages." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). "[B]ut it remains for the court to consider

whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (quotation omitted).

A party entitled to default judgment must "prove [] damages by a preponderance of the evidence." *Smith v. Jacon LLC*, 2023 WL 111979, at *2 (D. Minn. Jan. 5, 2023) (citing *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)). In fact, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (citation omitted). To that end, the Court retains discretion to either conduct a hearing or rely on the record "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *KD ex. rel. JD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021).

**DISCUSSION**

In this case, assessing the legitimacy of Plaintiffs' cause of action is straightforward. "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. "ERISA permits a fiduciary of a plan . . . to bring a civil action to enforce the obligations arising under a plan or a collectively bargained agreement." *Twin City Pipe Trade Serv. Assoc. v. Wenner Quality Servs.*, 869 F.3d 672, 678–79 (8th Cir. 2017). Plaintiffs—as trustees of their plans—may bring this action against United for failing to meet its obligations under their respective plans. And because Plaintiffs have established that United failed to meet its obligations to provide funds when required, *see* Doc. 1 ¶ 15, United is liable under ERISA. However, at least three questions remain as to remedies.

First, while Plaintiffs have demonstrated entitlement to damages, their accounting of the delinquent contributions and liquidated damages between September 2023 and September 2025

appears to be inconsistent with their accountant's reports. *Compare* Doc. 18 at 3 (claiming $14,848.48 and $6,357.50, respectively), *with* Docs.18-2 and 18-4 (claiming $43,043.92 and $14,525.43, respectively). As such, the Court cannot find that Plaintiffs have met their burden as to the damages in that period at this time.

Second, Plaintiffs seek records and contributions for the period from October 1, 2025, to the present. Doc. 18 at 6. While they may be entitled to additional recovery for this period, the resulting uncertainty as to damages separately precludes the entry of judgment at this time. *See Hagen*, 205 F.3d at 1042.

Finally, the Court must deny the request for a permanent injunction requiring United "to submit all future reports and contributions." Doc. 18 at 6–7. Although the Complaint envisions an order compelling production of records "to determine the amounts owed," *see* Doc. 1 at 7, Plaintiffs did not demand the far-reaching prospective relief they now seek, *see* FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Moreover, Plaintiffs have not established irreparable harm or the other relevant factors. *See Bricklayers & Trowel Trades Int'l Pension Fund v. Kel-Tech Constr.*, 319 F. Supp. 3d 330, 337 (D.D.C. 2018) (denying a permanent injunction for an ERISA delinquency case because audits and monetary relief negate the claim of irreparable harm); *see also Miller v. Thurston*, 967 F.3d 727, 735–36 (8th Cir. 2020) (listing the factors for a permanent injunction).

As such, to facilitate an expeditious resolution of this case, the Court adopts the following schedule:

- **No later than September 15, 2026**, Plaintiffs must file a notice clarifying the apparent discrepancy regarding damages from the initial audit and indicating whether they intend to continue seeking damages from October 2025 to October 2026 and other injunctive relief. If they establish damages for the initial period and forego additional recovery, the Court will promptly enter default judgment.

- Assuming the case proceeds, the Court will require Plaintiffs to serve a copy of this order on United and for United to submit to a second audit.[1] Consistent with its prior order, Doc. 16, and **no later than October 15, 2026,** United must provide to Plaintiffs all of the books, ledgers, payroll records and other documents required under the collective bargaining agreement or otherwise necessary to assess the amount it owes Plaintiffs from October 1, 2025, through September 30, 2026.

- Following competition of an audit, and **no later than December 1, 2026,** Plaintiffs must file a renewed motion for default judgment along with a supplemental brief with supporting evidence that establishes damages, fees, and costs for the second audit period as well as the total amounts for each category. If Plaintiffs believe they are entitled to prospective injunctive relief despite the above analysis, they may also address that point.

- **On December 15, 2026, at 2:00 p.m.,** the Court will hold a final hearing on damages. United is encouraged to attend the hearing through represented counsel, but it may address only the issue of damages. Following this hearing, the Court will promptly enter a final judgment order awarding relief and closing this case.

**CONCLUSION**

Accordingly, the Court **GRANTS IN PART** Plaintiffs' [17] Motion for Default Judgment. Specifically, the Court finds Defendant United Specialty Contractors is liable under 29 U.S.C. § 1145. However, the Court defers assessing damages, adopts a scheduling order for relevant briefing, and sets a final damages hearing for **December 15, 2026, at 2:00 p.m. in Courtroom 14-South**

So ordered this 13th day of August 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

[1] The right to an audit stem from the collective bargaining agreement itself. *See Painters Dist. Council No. 2 v. Anthony's Painting, LLC*, 2011 WL 5374725, at *2 (E.D. Mo. Nov. 8, 2011) (citation omitted). As United is in default, the Court must accept that it is subjected to an audit. *See* Doc. 1 ¶ 12–13.